UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARQUIS RASHAWN MOSLEY,       :

          **Plaintiff**       :   CIV. ACTION NO. 3:25-CV-39

          v.       :       (JUDGE MANNION)

LAUREL HARRY, *et al.,*       :

          **Defendants**       :

## MEMORANDUM

Presently before the court in this prisoner civil rights case is defendants' motion to dismiss plaintiff's claims against one defendant. For the reasons set forth below, the motion will be granted, and plaintiff will be granted leave to file an amended complaint.

## I.    BACKGROUND

Plaintiff, Marquis Rashawn Mosley, filed this case on January 7, 2025. (Doc. 1). The complaint asserts civil rights violations arising from an alleged assault by defendant Phoenix, a correctional officer in Camp Hill State Correctional Institution ("SCI-Camp Hill"). (*Id.*) The case is before the court on a motion to dismiss Mosley's claims against defendant Laurel Harry, the secretary of the Pennsylvania Department of Corrections. (Doc. 12). The sole allegations against defendant Harry are that she "continued to maintain

Department of Corrections polic[ies], cu[s]tom[s] and procedures structured to curtail disciplinary actions and stifle investigations against Correctional Officers . . . and their unlawful use of force" and that she failed to discipline Phoenix after the alleged assault. (Doc. 1 at 15-16).[1]

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

---

[1] Because the claims against Harry are the only claims defendants seek to dismiss, the court does not summarize Mosley's other factual allegations in the interest of judicial economy.

2

defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.    DISCUSSION

### A.    Motion to Dismiss

Johnson's civil rights claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior. Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. *Id.*

4

A defendant's after-the-fact review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

Personal involvement may also be pleaded through allegations that a supervisory defendant "established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)). To state such a claim, a plaintiff must allege the existence of a policy or practice and allege that: "(1) the existing policy or practice created an unreasonable risk of . . . injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

In this case, Mosley fails to sufficiently allege Harry's personal involvement based on her implementation of a policy. The complaint does not allege the existence of a policy other than the conclusory and unsupported assertion that she maintains a policy of allowing excessive force. (*See* Doc. 1 at 15-16). There is also no allegation that Harry was aware

5

of a policy creating a risk of harm to Mosley or that the policy caused the assault by defendant Phoenix and Mosley's alleged injuries.

The complaint does not allege any other basis to conclude that Harry was personally involved in the alleged civil rights violations. There is no allegation that she personally directed Phoenix to assault Mosley or acquiesced in the assault, and Mosley's allegation that she failed to take sufficient action to discipline Phoenix after the assault is not sufficient to allege personal involvement. *Dooley*, 957 F.3d at 374. The court will accordingly dismiss all claims against defendant Harry for Mosley's failure to allege her personal involvement.

## B.    Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. The court will grant Mosley leave to file amend his complaint because it cannot conclude at this stage that amendment would be inequitable or futile.

## IV.    CONCLUSION

For the foregoing reasons, the court will grant defendants' motion to dismiss, dismiss plaintiff's claims against defendant Harry without prejudice,

and grant Mosley leave to file an amended complaint. An appropriate order

shall issue.

Malachy E. Mannion
United States District Judge

**Dated:** 12/19/25
25-39-01

7